```
              UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW HAMPSHIRE
```

Christopher Booth

    v.                                    Civil No. 15-cv-518-PB

Ted Cruz

### REPORT AND RECOMMENDATION

Seeking declaratory and injunctive relief and proceeding in forma pauperis, plaintiff Christopher Booth has filed a complaint (doc. no. 1) and an amended complaint (doc. no. 4)[1] against Senator Ted Cruz, a candidate in the New Hampshire Republican Presidential Primary election ("NH Republican Primary"). Booth asserts that Sen. Cruz's presence on the NH Republican Primary ballot encumbers plaintiff's right to vote. This matter is here for preliminary review, pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2).

### Preliminary Review Standard

In determining whether a pro se pleading states a claim, the court construes the pleading liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). The magistrate judge may

---

[1] A duplicate filing to the Amended Complaint was docketed as Doc. No. 5 in this case.

recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2). In conducting its preliminary review, the court construes pro se complaints liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'" See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

## Background

Booth alleges that he is an independent New Hampshire voter. Sen. Cruz is seeking the Republican Party's nomination as its candidate for President. Sen. Cruz was born in Canada. Because his mother was a United States citizen at the time of his birth, Sen. Cruz is a United States citizen.

Sen. Cruz filed papers with the New Hampshire Secretary of State, seeking a spot on the NH Republican Primary ballot, which the Secretary accepted. Booth filed a complaint with the New Hampshire Ballot Law Commission ("BLC"), asserting that Sen. Cruz's birth in Canada renders him ineligible to become the President of the United States, pursuant to Article II, § 1 of

2

the United States Constitution.  Article II, § 1 states that: "No person except a natural born Citizen, or a Citizen of the United States at the time of the Adoption of this Constitution, shall be eligible to the Office of President."  U.S. Const., art II, § 1, cl. 4 (emphasis added).

Booth urged the BLC to overrule the Secretary's action in accepting Sen. Cruz's application, and to remove Sen. Cruz from the NH Republican Primary ballot.[2]  The BLC found that, in the absence of controlling case law defining "natural born citizen" in the context of Article II, § 1 of the Constitution, it would not decide that question.  The BLC limited its review of Sen. Cruz's application to a determination as to whether the Secretary of State appropriately accepted Sen. Cruz's filing.  Finding that that Secretary reasonably accepted that filing, the BLC denied Booth's challenge.

Booth now brings this action, asserting that his right to vote is hampered by the presence of Sen. Cruz on the NH

---

[2]The BLC heard Booth's challenge to Sen. Cruz's candidacy, pursuant to N.H. Rev. Stat. Ann. § 665:7, which states:

> The ballot law commission shall hear and determine disputes arising over whether nomination papers or declarations of candidacy filed with the secretary of state conform with the law.  The decision of the ballot law commission in such cases shall be final as to questions both of law and fact, and no court shall have jurisdiction to review such decision.

3

Republican Primary ballot.  To remedy this asserted violation of his rights, Booth seeks:

1. Declaratory relief in the form of a ruling from this court that Sen. Cruz, by virtue of his Canadian birth, is not a "natural born citizen" within the meaning of Article II, § 1 of the United States Constitution, and is thus not eligible to run for the Office of the President of the United States; or, in the alternative,

2. Injunctive relief in the form of an order: (a) directing that Sen. Cruz be removed from the NH Republican Primary ballot; (b) defining the term "natural born" in Article II, § 1, and then directing the BLC to actualize that position in regard to Sen. Cruz's appearance on the NH Republican Presidential ballot; (c) suggesting that the New Hampshire legislature pass a law requiring a candidate seeking placement on a New Hampshire ballot in a primary presidential election to identify their birthplace; and/or (d) overruling the BLC by sustaining Booth's challenge filed before that body.

## Discussion

**I.   Standing**

"Article III of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'"  Susan B. Anthony List v. Driehaus, 134 S. Ct. 2334, 2341 (2014) (quoting U.S. Const., Art. III, § 2).  "The doctrine of standing gives meaning to these constitutional limits by 'identify[ing] those disputes which are appropriately resolved through the judicial process.'"  Susan B. Anthony List, 134 S. Ct. at 2341 (citation

4

omitted). "To establish Article III standing, a plaintiff must show (1) an 'injury in fact,' (2) a sufficient 'causal connection between the injury and the conduct complained of,' and (3) a 'likel[ihood]' that the injury 'will be redressed by a favorable decision.'" Id. (citation omitted). The burden to establish standing lies with the party seeking to invoke the jurisdiction of a federal court. See id. at 2342.

"An injury sufficient to satisfy Article III must be concrete and particularized and actual or imminent, not conjectural or hypothetical." Id. at 2341 (internal quotation marks and citation omitted).

> [A] plaintiff raising only a generally available grievance about government – claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large – does not state an Article III case or controversy.

Lujan v. Defs. of Wildlife, 504 U.S. 555, 573-74 (1992).

Here, Booth alleges that Sen. Cruz's appearance on the NH Republican Primary ballot encumbers his right to vote. Stripped of legal conclusions, however, nothing in the complaint suggests that Sen. Cruz's presence on the ballot creates any such hindrance, as Booth remains free to vote for whichever candidate he chooses, decline to vote for Sen. Cruz or any other individual on the ballot, or write in a candidate of his choice.

This court has found that an individual voter challenging the eligibility of a candidate for President lacks standing to assert a claim based on the general interests of the voting public.  See Hollander v. McCain, 556 F. Supp. 2d 63, 68 (D.N.H. 2008) (finding, under similar circumstances, that voters concerned with the eligibility of a candidate on the ballot for President are "empowered to address that concern on their own by voting for a different presidential candidate, whose eligibility is unimpeachable").  "[T]he inclusion of a rival candidate on a ballot 'does not impede the voters from supporting the candidate of their choice,' and thus does not cause the legally cognizable harm necessary for standing."  Hollander, 556 F. Supp. 2d at 69 (citation omitted).

Booth lacks standing to bring this action seeking a determination of Sen. Cruz's eligibility to run in the NH Republican Primary, and/or an injunction removing Sen. Cruz from the NH Republican Primary ballot.  Because the court finds Booth's lack of standing to be dispositive of this matter, it does not reach the underlying question of Sen. Cruz's eligibility to be President.

## II.  Ballot Law Commission and State Legislature

While Booth states explicitly that he is not seeking to appeal the BLC's decision to this court, he has asked this court

to advise the BLC as to the meaning of "natural born" in the context of Article II, § 1 of the Constitution; to reverse the BLC's decision; and to suggest the passage of certain laws to the New Hampshire state legislature. This court does not have appellate jurisdiction over the BLC. See RSA 665:7 ("The decision of the ballot law commission . . . shall be final as to questions both of law and fact, and no court shall have jurisdiction to review such decision."). Further, the district judge should decline Booth's invitation to provide advice either to the BLC or to the state legislature, as federal courts are prohibited from rendering advisory opinions. See Igartua v. United States, 626 F.3d 592, 606 (1st Cir. 2010).

### III. Motion for Summary Judgment (Doc. No. 6)

Booth has filed a motion for summary judgment (doc. no. 6), requesting that judgment be granted in Booth's favor due to the imminence of the February 9, 2016, NH Presidential Primary. Because Booth has failed to state any claim upon which relief might be granted in his complaint, and he has not shown an entitlement to judgment as a matter of law, the motion for summary judgment should be denied.

### Conclusion

For the foregoing reasons, the district judge should

dismiss the complaint and amended complaint (doc. nos. 1 and 4), and deny plaintiff's motion for summary judgment (doc. no. 6). Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  <u>See</u> Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  <u>See</u> <u>Garayalde-Rijos v. Mun. of Carolina</u>, 747 F.3d 15, 21-22 (1st Cir. 2014).

　　　　　　　　　　　　　　　／s／ Andrea K. Johnstone
　　　　　　　　　　　　　　　Andrea K. Johnstone
　　　　　　　　　　　　　　　United States Magistrate Judge

January 20, 2016

cc:   Christopher Booth, pro se